# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Tonianne J. Bongiovanni |
| v. | : | Mag. No. 24-3005 |
| DREW HOLZLEIN | : | **ORDER FOR CONTINUANCE** |

1.      This matter came before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Andrew B. Johns, Assistant U.S. Attorney, appearing), and defendant DREW HOLZLEIN (Adam Axel, Esq., appearing), for an order granting a continuance under 18 U.S.C. § 3161(h)(7)(A) through May 17, 2024.

2.      This Court has granted one § 3161(h)(7)(A) continuance previously in this case.

3.      Counsel for the parties represented that this continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

4.      Counsel for the United States also represented that this continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

5.      The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

6.      The defendant, through counsel, has consented to this continuance.

7.      FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

      a.    The pre-indictment discovery the United States anticipates that it will be voluntarily providing the defendant involves many documents that defense counsel requires adequate time to review.

      b.    A substantial portion of the discovery must be reviewed at an office of the FBI because it contains child pornography, thus increasing the amount of time necessary to accomplish the review.

      c.    Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation.

      d.    Both the United States and the defendant desire additional time to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

      e.    Thus, the ends of justice served by granting the continuance and preventing any further non-excludable days from passing under § 3161(h) outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued for a period of 60 days from March 18, 2024, through May 17, 2024; and it is further

ORDERED that those days are excluded in computing time under the Speedy Trial Act of 1974; and it is further

- 3 -

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

                                              HON. TONIANNE J. BONGIOVANNI
                                              United States Magistrate Judge

Dated: March 15, 2024

Form and entry consented to:

_____
Andrew B. Johns
Assistant U.S. Attorney

_____
Lisa Van Hoeck for Adam Axel
Counsel for Drew Holzlein

 /s/ Jason M. Richardson
Jason M. Richardson
Attorney-in-Charge
Camden Branch